# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **David C. Lettieri,** | CASE NO. 4:24 CV 1286 |
| **Plaintiff,** | JUDGE PAMELA A. BARKER |
| v. | |
| | **Memorandum of Opinion and Order** |
| **Paul E. Bonanno,** | |
| **Defendant.** | |

### INTRODUCTION

*Pro se* Plaintiff David C. Lettieri, a federal prisoner currently incarcerated in FCI Lewisburg, in Lewisburg, Pennsylvania, filed this action against Paul Bonanno, an individual located in Buffalo, New York. (Doc. No. 1.) The Complaint is very brief. He indicates he is seeking production of a document that involves his girlfriend's dog and an individual identified as David Gaska. He states that the document is needed for a lawsuit pending against the New York State Troopers. Plaintiff did not pay the filing fee, but instead filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. No. 2.) For the reasons that follow, that Motion is DENIED, and this action is DISMISSED.

Plaintiff is a serial frivolous filer who has filed multiple frivolous lawsuits in this district and others and has been barred from proceeding IFP under the three strikes rule set out in 28 U.S.C. § 1915(g). *See, Lettieri v. Garver,* No. 4:24 CV 1219, 2024 WL 3557155,

at *1–2 (N.D. Ohio July 26, 2024)(denying IFP and dismissing the case under 28 U.S.C. § 1915(g); *Lettieri v. NEOCC*, No. 4: 24 CV 00032, 2024 WL 107749 (N.D. Ohio Jan. 10, 2024) )(denying IFP, dismissing the case under 28 U.S.C. § 1915(g), and barring Plaintiff from proceeding IFP in future actions).[1] Nothing in his present Complaint suggests he is in "imminent danger of serious physical injury" as would allow him to proceed IFP in this case under the exception set out in the three strikes rule.

Furthermore, due to his repeated frivolous filings, he is now prohibited from proceeding *in forma pauperis* in this district and is barred from filing any new civil action unless he first pays the full filing fee. *See Lettieri v. Garver*, 4:24 CV 1219 (N.D. Ohio July

---

[1] Plaintiff filed at least 15 prior cases while incarcerated that were dismissed under 28 U.S.C. § 1915(e) by this Court. *See Lettieri v. Vilando*, No. 4:23 CV 1660 (N.D. Ohio Nov. 30, 2023); *Lettieri v. Four In One*, No. 4:23 CV 1661 (N.D. Ohio Nov. 30, 2023); *Lettieri v. Vilando*, No. 4:23 CV 1686 (N.D. Ohio Dec. 11, 2023); *Lettieri v. Northeast Ohio Corr. Center*, No. 4:23 CV 1690 (N.D. Ohio Nov. 22, 2023); *Lettieri v. Federal Marshals*, No. 4:23 CV 1872 (N.D. Ohio Nov. 30, 2023); *Lettieri v. Olivett Products LLC*, No. 4:23 CV 2028 (N.D. Ohio Apr. 15, 2024); *Lettieri v. New York State Troopers*, No. 4:23 CV 2077 (N.D. Ohio Nov. 21, 2023); *Lettieri v. Federal Marshals*, No. 4:23 CV 2167 (N.D. Ohio Jan. 19, 2024); *Lettieri v. Northeast Ohio Corr. Center*, No. 4: 23 CV 2172 (N.D. Ohio Dec. 11, 2023); *Lettieri v. Federal Marshals*, No. 4:23 CV 2202 (N.D. Ohio Nov. 30, 2023); *Lettieri v. Northeast Ohio Correctional Center,* No. 4:24 CV 0032 (N.D. Ohio Jan 10, 2024); *Lettieri v. Federal Marshals*, No. 4:24 CV 1021 (N.D. Ohio July 31, 2024); *Lettieri v. Garver*, 4:24 CV 1219 (N.D. Ohio July 26, 2024); *Lettieri v. Bonanno*, 4:24 CV 1227 (N.D. Ohio Aug 2, 2024); *Lettieri v. Bonanno*, 4:24 CV 1284 (N.D. Ohio Aug. 1, 2024). These cases include the following claims: Plaintiff did not understand the ingredients in a flavoring packet offered for sale in the correctional facility; Defendant failed to provide envelopes and Plaintiff had to wait two weeks for money to be available in his inmate trust account; Defendant denied Plaintiff the opportunity to "complete a program to best oneself"; Plaintiff was "transferred for no reason"; Defendant refused to arrest Plaintiff's ex-girlfriend; Plaintiff mailed a letter that was returned "for reasons," Plaintiff wanted production of documents on his computer; and a Complaint simply stating "negligence" with no factual allegations. *See id*.
Additionally, a search of PACER reveals that Plaintiff has filed at least 205 Complaints in the Second Circuit Court of Appeals, the Sixth Circuit Court of Appeals, the Eighth Circuit Court of Appeals, the Ninth Circuit Court of Appeals, the Eleventh Circuit Court of Appeals, the District of Columbia Circuit Court of Appeals, the Southern District of Florida, the Northern District of Georgia, the Southern District of Iowa, the Central District of Illinois, the Northern District of Illinois, the Eastern District of Missouri, the Southern District of New York, the Western District of New York, the Northern District of New York, the Eastern District of New York, the District of Massachusetts, the Northern District of Texas, the Northern District of California, the Southern District of California, the District of Columbia, the District of Kansas, the District of Maryland, the District of New Jersey, the Northern District of Ohio, the Middle District of Pennsylvania, the Eastern District of Virginia, and the Western District of Washington. He was enjoined from filing any new cases without leave of court by the United States District Court for the Northern District of New York. *See In Re:* Lettieri, No. 3:24 pf 0001 (N.D.N.Y. May 10, 2024). The Northern District of New York noted that, almost all of Plaintiff's cases have been found to be frivolous or without merit." Order Dismissing Complaint, *Lettieri v. Allegany Cnty. Jail*, No. 24-cv-21114 (S.D. Fla. Mar.26, 2024), ECF No. 4, at 2.

26, 2024). Plaintiff is cautioned that if he continues to file patently frivolous actions, he will be permanently enjoined from filing new actions without first seeking and obtaining leave of court.

**CONCLUSION**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* in this case (Doc. No. 2) is DENIED pursuant to 28 U.S.C. § 1915(g), and his Complaint is DISMISSED. Plaintiff may reopen this case within thirty (30) days by first paying the full filing fee of $405.00 and then filing a Motion to Reopen. The Clerks Office shall NOT accept any Motions or other documents for filing in this case, unless and until the filing fee has been paid in full within the thirty (30) day period specified here. This includes any proposed Motion to Reopen and any Motions for Reconsideration, Motions to Alter or Amendment Judgment under Rule 59(e) or Motion for Relief from Judgment under Rule 60. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                              s/*Pamela A. Barker*
                                              PAMELA A. BARKER
Date: 8/12/2024                      U. S. DISTRICT JUDGE